# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ENCOMPASS INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:24-cv-04046-BCW |
| ) | |
| DIANNA ROBNETT, ) | **JURY TRIAL DEMANDED** |
| ) | |
| and ) | |
| ) | |
| JEFFREY ROBNETT, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Encompass Indemnity Company ("Encompass"), by and through its undersigned counsel, and for its First Amended Complaint for Declaratory Judgment, states as follows:

1. Encompass brings this action seeking the interpretation of a homeowners insurance policy and a declaration of its rights and obligations thereunder, concerning claims asserted against its insured Dianna Robnett, by her son Jeffrey Robnett, arising out of an incident that allegedly occurred on or about March 4, 2021.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Encompass brings this action based on the non-cooperation of its insured, Defendant Dianna Robnett.

3. Plaintiff Encompass is and was at all times mentioned herein a corporation incorporated under the laws of the State of Illinois with its principal place of business in the State

1

of Illinois, and therefore a citizen of the State of Illinois, engaged in the business of insurance and licensed to transact that business in the State of Missouri.

4. Upon information and belief, Defendant Dianna Robnett is an individual domiciled in the State of Missouri and, therefore, a citizen of Missouri.

5. Upon information and belief, Defendant Jeffrey Robnett is an individual domiciled in the State of Missouri and therefore is a citizen of Missouri.

6. This case and controversy involve citizens of different states.

7. The insurance policy at issue in this matter has a liability limits of $300,000.00.

8. Based on the allegations in the Underlying Claim (but without making any admission as to the merits thereof), the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. The United States District Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and because complete diversity of citizenship exists between Plaintiff and Defendants.

10. Venue is proper in the United States District Court for the Western District of Missouri under 28 U.S.C. § 1391(a) because a substantial amount of the events and occurrences giving rise to this action occurred in this District in that all Defendants are citizens of Missouri; the Policy upon which this action is premised was entered into in Missouri; the dispute involves injury that was allegedly inflicted in Cole County, Missouri; and Missouri law applies to the interpretation of the Policy and the parties' rights and duties thereunder.

11. This Court "may declare the rights and other legal relations of any interested parties seeking such declaration" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) with

respect to the policy of insurance issued by Encompass, and all above referenced parties are interested parties with respect to the determination of rights pursuant to the insurance policy issued by Encompass.

12. An actual justiciable controversy exists between Encompass and both Defendants Dianna Robnett and Jeffrey Robnett. In particular,

   a. Jeffrey Robnett has filed a lawsuit against Dianna Robnett in Missouri state court.

   b. Although Encompass retained counsel to defend her in that action, Dianna Robnett fired that counsel, proceeded to a bench trial the next day, and the court is awaiting proposed judgment from counsel in that action.

   c. Moreover, Dianna Robnett's personal counsel has expressed to the court in the state court action that she intends to pursue a bad faith action against Encompass based on the resulting judgment.

   d. Due to her violations of the cooperation clause of the Policy, Plaintiff maintains that it no longer has any duty to defend or indemnify Dianna Robnett with respect to the claims by Jeffrey Robnett in the state court action or any resulting judgment.

   e. Thus, an actual justiciable controversy exists between Encompass and both Defendants Dianna Robnett and Jeffrey Robnett.

13. Litigation as to this controversy is imminent and inevitable. The resolution of the matters raised in this declaratory judgment action will dispose of the issues and disputes between the parties.

14. All necessary and proper parties are before the Court for the matters in controversy.

15. Encompass has no other adequate remedy at law.

**FACTUAL ALLEGATIONS OF UNDERLYING CLAIM**

16. On August 2, 2023, Defendant Jeffrey Robnett filed a Petition in the Circuit Court of Cole County, Missouri (the "Underlying Petition"). A copy of the Underlying Petition is attached hereto as Exhibit A.

17. The Underlying Petition names Defendant Dianna Robnett as the sole defendant.

18. The Underlying Petition alleges that on or about March 4, 2021, Defendant Dianna Robnett's invited her brothers Kenneth Porter and Jerry Porter ("Brothers") onto her property at 4655 Tanman Court in Jefferson City, Missouri, in order to cut down and/or trim tree limbs on the premises.

19. The Underlying Petition further alleges that Defendant Jeffrey Robnett visited Defendant Dianna Robnett's property as a social guest also on March 4, 2021, and that, due to Defendant Dianna Robnett's and Brothers' failure to make the area safe and properly warn him of the danger, he was struck by a falling tree limb and suffered serious injuries.

20. The Underlying petition also alleges that Brothers were acting as Defendant Dianna Robnett's agents, and that Dianna Robnett was vicariously liable for any negligent acts of Brothers under *respondeat superior*.

21. The sole cause of action alleged in the Underlying Petition is against Defendant Dianna Robnett, for Negligence, in which Defendant Jeffrey Robnett alleges the following:

    a. "Plaintiff Jeffrey Robnett ("Jeffrey") is an individual and resident of the State of Missouri."

    b. "Defendant Dianna Robnett ("Dianna") is an individual and resident of Cole County, State of Missouri."

c. 'This cause of action arises out of a tree trimming incident, wherein a tree branch fell and struck Plaintiff on or about March 4, 2021, on property owned and/or occupied by Defendant, located at: 4655 Tanman Ct, Jefferson City, MO 65109 (the "Premises"), located in Cole County, State of Missouri."

d. "Jurisdiction in this action is proper pursuant to §478.070 RSMo, insofar as this is a civil dispute involving individuals residing in the State of Missouri."

e. "Venue in this action is proper pursuant to §508.010 RSMo, insofar as the alleged circumstances occurred in Cole County, State of Missouri."

f. "On March 4, 2021, Defendant Dianna invited Kenneth and Jerry Porter, her brothers, (henceforth "Brothers") to Premises to cut down and/or trim tree limbs on Premises."

g. "Defendant did not provide any compensation to Brothers to cut down and/or trim tree limbs on Premises."

h. "At all relevant times, Defendant Dianna consented to and invited Brothers to Premises for the purpose of tree trimming."

i. 'At all relevant times, Defendant Dianna granted Brothers the authority to cut and/or trim tree limbs on Premises on March 4, 2021."

j. "At all relevant times, Brothers consented to act on Defendant Dianna's behalf in cutting/trimming the trees while subject to Defendant Dianna's control and direction on March 4, 2021."

k. "At all relevant times, Defendant Dianna had a right to control and direct Brothers' actions."

5

l. "At all relevant times, Defendant Dianna did direct Brothers' actions by indicating which trees needed to be trimmed or cut."

m. "At all relevant times, Defendant Brothers were acting within the scope of their authority and agency, and otherwise in furtherance of the interests of Defendant Dianna in cutting down and/or trimming tree limbs on Premises in accordance with the directions of Defendant Dianna."

n. "At all relevant times, Defendant Dianna, not Brothers, directed and controlled the results and determined when the tree(s) were sufficiently trimmed."

o. "Consequently, at all relevant times, Brothers were acting as agents for Defendant Dianna as tree trimmers."

p. "Thus, Defendant Dianna is vicariously liable for negligent acts of their agent, Brothers, under *respondeat superior*."

q. "On or about March 4, 2021, Defendant Dianna invited Plaintiff to visit the Premises as a social guest."

r. "On or about March 4, 2021, Plaintiff did visit Defendant Dianna on the Premises as a social guest."

s. "Consequently, Plaintiff was a licensee of Defendant Dianna and her agents, Brothers, while at the Premises."

t. "At said time, Defendant Dianna and her agents, Brothers, had a duty to make the Premises safe for licensees, including Plaintiff."

u. "At said time, Defendant Dianna and her agents, Brothers, had a duty to licensees to warn of any known dangerous conditions existing on the Premises, including Plaintiff."

  v. "At said time, there existed a dangerous condition on the Premises, namely, Brothers conducting tree trimming and/or cutting on Premises."

  w. "Brothers have extensive experience in cutting down trees, and have trimmed, felled, and/or cut down hundreds of trees between the two of them."

  x. "Brothers were specifically granted the authority by Defendant to trim/cut trees on Premises due to their extensive expertise in trimming, cutting, and/or felling trees."

  y. "Brothers, combined, have almost one-hundred years of experience in cutting, trimming, and/or felling trees between the two of them."

  z. "At said time, Plaintiff was aware of Brothers knowledge and expertise."

  aa. "At said time, Plaintiff had almost no experience in cutting, trimming, and/or felling trees."

  bb. "At said time, Plaintiff reasonably relied on Brothers' knowledge and expertise in trimming, cutting, and/or felling trees due to their superior knowledge."

  cc. "At said time, Plaintiff observed Brothers' actions from a distance."

  dd. "At said time, Brothers told Plaintiff where the tree limb was to fall, and designated the space where the tree branch was to fall."

  ee. "At said time, Brothers also designated a safe place for Plaintiff to stand and observe."

  ff. "At said time, Plaintiff stood in the place Brothers designated as safe, away from where the tree limb was supposed to fall."

  gg. "At said time, Brothers had superior knowledge to Plaintiff of the conditions of the tree and the limb trimming/cutting operation."

hh. "As such, at said time, the designated "safe" area contained a danger that was not open and obvious to licensees, including Plaintiff, due to Brothers designating the area safe."

ii. "At said time, Plaintiff reasonably expected Brothers were cutting and trimming the tree with reasonable care for Plaintiff's safety, especially since they designated a "safe" zone."

jj. "Consequently, at said time, the Premises and "safe" zone were not in a reasonably safe condition."

kk. "Defendant and her agents, Brothers, knew, or in the exercise of ordinary care, should have known that said dangerous conditions existed at the Premises at said time, including the danger of "safe" zone."

ll. "Defendant Dianna and/or her agents, Brothers, failed to use ordinary care to inspect, prepare, remove, or make the Premises safe from said dangerous condition prior to said time."

mm. "Prior to said time, Defendant Dianna and her agents, Brothers, otherwise failed to warn licensees, including Plaintiff, of the dangerous condition with signs, verbal indications, markers, or by any other means."

nn. "Defendant Dianna was thereby negligent."

oo. "As a direct result of the negligence of Defendant Dianna, and the dangerous condition that existed at said time and place, Plaintiff stood in the designated "safe" zone on Premises and was caused to be struck by a large tree branch and suffer serious and painful injuries."

8

pp. "As a direct and proximate result of the negligence of Defendant Dianna, as aforesaid, Plaintiff suffered severe and permanent injuries both externally and internally, has suffered lost wages and will in the future lose wages in amounts presently undetermined, was and will in the future continue to be hindered and prevented from attending to his duties and affairs and the value of that time, and has suffered and will in the future continue to suffer great pain and mental anguish of both mind and body."

qq. "As a direct and proximate result of the negligence of Defendant Dianna, Plaintiff has incurred medical expenses and has been caused to undergo medical treatment and will in the future be caused to incur medical expenses and undergo medical treatment, all in an attempt to become whole, in an amount presently undetermined, but exceeding Twenty-Five Thousand Dollars ($25,000.00)."

rr. "There is now due Plaintiff from Defendant Dianna a sum exceeding Twenty-Five Thousand Dollars ($25,000.00)."

## THE INSURANCE POLICIES

22. Encompass issued a Homeowners Policy of insurance to Defendant Dianna Robnett, Policy Number 0282462192, for the policy period of July 1, 2020 to July 1, 2021 (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit B and incorporated herein by reference.

23. The Policy provides personal liability coverage in the amount of $300,000.00 subject to the policy's terms and conditions.

24. The Homeowners Policy contains the following relevant provisions:

**Liability Coverage—Home**
**Personal Liability—Insuring Agreement**
If a claim or suit is brought against you or any ***covered person*** for the following:

1.  *Personal Injury;*
2.  *Bodily Injury;* or
3.  *Property Damage,*

caused by an *occurrence* to which this coverage applies, we will:

1. Pay on your behalf claims for which you or any *covered person* are legally liable, including pre-judgment interest awarded against you or any *covered person,* up to our limit of liability; except as excluded by the provisions listed in the **Liability Coverage—Losses We Do Not Cover;** and

2. Provide defense costs for the counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from an *occurrence* equals our limit of liability.

\* \* \*

**How We Settle Liability Claims And What You Must Do**
1. **Your Duties After Loss**
    After an *occurrence,* you and any other *covered person* under this policy must make sure that all of the following are done. We have no duty to provide coverage under this policy unless there has been full compliance with these duties:
    a. Give us or our agent as soon as possible:
        (1) All information you know on the time, place and circumstances of the *occurrence,* and in the case of a crime also tell the police; and
        (2) Identity of claimants, witnesses and *covered persons.*
    b. Forward to us all written material you receive regarding the *occurrence.*
    c. At our request, assist us in:
        (1) Making settlement.
        (2) Conducting suits and attending hearings or trials.
        (3) Securing and giving evidence.
        (4) Enforcing any right of contribution or indemnity against any person or organization who may be liable to a *covered person.*
    d. You or any other *covered person* shall not, except at your own cost, voluntarily make any payment, assume any obligation or incur any expense.

10

* * *

## NON-COOPERATION OF DEFENDANT DIANNA ROBNETT

25. Encompass retained attorney Steve McMahon, of Boggs, Avellino, Lach & Boggs, LLC, to defend its insured Defendant Dianna Robnett in the Underlying Action.

26. In the course of the defense of the Underlying Action, attorney McMahon recommended filing third-party claims against Dianna Robnett's brothers Kenneth Porter and Jerry Porter. Encompass approved filing a third-party petition against Kenneth Porter and Jerry Porter.

27. However, in spite of Encompass's determination and request to file a third-party petition to further the interests of her defense, Defendant Dianna Robnett has refused to authorize the filing of a third-party petition against her brothers on her behalf.

28. Further, Defendant Dianna Robnett has failed and refused to provide physical addresses for her brothers to her counsel retained by Encompass so that they can be deposed to aid in her defense against the Underlying Action.

29. Accordingly, in February 2024, Encompass sent Defendant Dianna Robnett correspondence entitled "Reservation of Rights" ("ROR"), notifying her that by failing to cooperate and thereby interfering with Encompass's right and duty to provide her a defense, she risked losing coverage under the Policy. The letter did not deny coverage or specify any other basis under which Encompass was reserving its rights other than the insured's lack of cooperation.

30. Additionally, since the time of that correspondence and since the filing of the initial complaint in this matter, Dianna Robnett hired her own personal counsel, Blake Markus of Carson & Coil P.C., who entered an appearance on her behalf both in this matter *and* in the Underlying Action.

31. Furthermore, Defendant Dianna Robnett, through her attorney Mr. Markus, demanded that Plaintiff withdraw its "ROR".

32. Because the only basis for Encompass's "ROR" was that Dianna Robnett could forfeit coverage if she refused to cooperate in her defense, Dianna Robnett's demand that Encompass withdraw the "ROR" was, in effect, a demand that Encompass waive its right to her cooperation under the Policy.

33. On or about October 17, 2024, Dianna Robnett's new counsel Mr. Markus informed Mr. McMahon that Dianna Robnett was planning to terminate Mr. McMahon's representation of her in the Underlying Action. Mr. McMahon received written confirmation from Dianna Robnett terminating his representation of her on or about October 23, 2024.

34. On or about October 21, 2024, Defendant Dianna Robnett, through her attorney Mr. Markus, filed a "Notice of Hearing" in the Underlying Action for October 24, 2024, without specifying what the hearing was for.

35. On October 24, 2024, the parties in the Underlying Action appeared for the noticed hearing in the Circuit Court of Cole County. Mr. McMahon was not present at the hearing, as Mr. Markus notified him he would not be needed since Carson & Coil had taken over the defense.

36. At the October 24, 2024 hearing, Dianna Robnett agreed to proceed to a bench trial the same day. Prior to that hearing, the Underlying Action was scheduled for a jury trial in August 2025.

37. No notice was given to Mr. McMahon or to Encompass that the Underlying Action was proceeding to bench trial on October 24, 2024.

38. At the bench trial conducted on October 24, 2024, Dianna Robnett did not put on a meaningful defense against the claims in the Underlying Action. Specifically, Dianna Robnett

purportedly assumed liability, including any liability for the actions of her brothers, and admitted that her negligence was the direct and proximate cause of the injuries sustained by Plaintiff.

39. According to the October 24, 2024 docket entry in the Underlying Action entered after the bench trial, counsel are "to file [a] proposed Judgment for the Court's review and entry."

40. Having received notice of the bench trial via docket entry *after* it occurred, Encompass moved to intervene in the Underlying Action that same day, October 24, 2024. That motion to intervene is still pending as of the date of this filing.

41. In response to Encompass's Motion to Intervene, in addition to filing a responsive memorandum, Dianna Robnett's counsel, Mr. Markus, sent an email to the judge in the Underlying Action, the Honorable Cotton Walker, asking that Judge Walker enter judgment against his client in the Underlying Action.

42. Dianna Robnett, through her attorney Mr. Markus, has indicated that she "wants to get [the Underlying Action] tried and over so she can move forward with a bad faith claim against" Encompass.

**GROUNDS FOR DECLARATORY JUDGMENT**

43. Encompass has no duty to provide coverage under the Policy for any of the allegations contained in the Underlying Claims, because Defendant Dianna Robnett has failed to cooperate in her defense and purportedly assumed liability in the Underlying Action, thereby materially breaching the terms of the Policy.

44. The Policy contains a cooperation clause which provides that Encompass has "no duty to provide coverage under this policy unless there has been full compliance with" the insured's duties.

45. Specifically, the cooperation clause requires the insured Dianna Robnett, at Encompass's request, to assist Encompass in, among other things, "[c]onducting suits and attending hearings or trials," in "[s]ecuring and giving evidence," and in "[e]nforcing any right of contribution or indemnity against any person or organization who may be liable to a ***covered person.***"

46. The cooperation clause also provides that the insured Dianna Robnett "shall not, except at your own cost, voluntarily … assume any obligation."

47. Defendant Dianna Robnett has materially breached these provisions of the Policy, causing substantial prejudice to Encompass

### *Refusing to File Third Party Petition*

48. By refusing to authorize Encompass to file the third-party petition, in spite of Encompass's request to file a third-party petition based on its determination that such petition would be in the best interests of her defense, Defendant Dianna Robnett has failed to comply with the above duties under the Policy and has breached the cooperation clause in at least the following ways:

   a. By refusing to allow a third-party petition to be filed against her brothers, Defendant Dianna Robnett has failed to assist Encompass in "conducting suits".

   b. By refusing to allow a third-party petition to be filed against her brothers, Defendant Dianna Robnett has failed to assist Encompass in "enforcing any right of contribution or indemnity against any person or organization who may be liable to a covered person."

   c. By refusing to even provide physical addresses for her brothers to her counsel retained by Encompass so that they can be deposed to aid in her defense against the

14

Underlying Action, Defendant Dianna Robnett has failed to assist Encompass in "conducting suits" and "securing evidence".

49. Defendant Dianna Robnett's refusal to cooperate in her own defense by permitting the filing of a third-party petition has caused actual and substantial prejudice to Plaintiff.

50. Third party practice enables a party to avoid the costs and pitfalls associated with litigating multiple suits on the same subject matter, and the attendant possibility of inconsistent verdicts, which are not insubstantial or abstract.

51. Thus, Defendant Dianna Robnett's denial of Encompass's right to control the defense has caused substantial and actual prejudice to Encompass, and therefore Encompass has no duty to provide coverage based on Dianna Robnett's breach of the cooperation clause of the Policy.

*Firing Retained Defense Counsel*

52. Furthermore, by terminating her counsel who was retained to defend her by Encompass, Defendant Dianna Robnett has failed to comply with the above duties under the Policy and has breached the cooperation clause in that she has failed to assist Encompass in "conducting suits".

53. Defendant Dianna Robnett's refusal to cooperate with Encompass by terminating counsel retained by Encompass to defend her has caused actual and substantial prejudice to Encompass as it has deprived Encompass of its right under the Policy to control her defense in the Underlying Action.

54. Moreover, Mrs. Robnett's only remaining attorney in the Underlying Action is Mr. Markus, the same attorney who is representing her *against* Encompass in the present action. Thus,

Encompass's right to control the defense has been substantially prejudiced by Mrs. Robnett's actions.

55. Thus, by dismissing her counsel retained by Encompass, Defendant Dianna Robnett has failed to assist Encompass in "conducting suits," has violated Encompass's right to control the defense, and has thereby caused substantial and actual prejudice to Encompass. Therefore, Encompass no longer has any duty to provide coverage based on Dianna Robnett's breach of the cooperation clause of the Policy.

### *Agreement to Accelerated Bench Trial Without Notice to Encompass*

56. Moreover, by agreeing to a bench trial and proceeding to a bench trial on October 24, 2024, without any notice to Encompass, Defendant Dianna Robnett has failed to comply with the above duties under the Policy and has breached the cooperation clause in that she has failed to assist Encompass in "conducting suits and attending hearings or trials".

57. Defendant Dianna Robnett's breach of the cooperation clause by agreeing to an accelerated bench trial without any notice to Encompass has caused actual and substantial prejudice to Encompass, as it deprived Encompass of the opportunity to intervene in the Underlying Action so as to be given "reasonable and sufficient time to meaningfully assert its position including, but not limited to, the right and time to conduct discovery, the right and time to engage in motion practice, and the right to a trial by jury and sufficient time to prepare for trial." §537.065 RSMo.

58. Thus, by agreeing to an accelerated bench trial with no notice to Encompass, Defendant Dianna Robnett has breached her duty to assist Encompass in "conducting suits and attending hearings or trials," has violated Encompass's right to control the defense, and has thereby caused substantial and actual prejudice to Encompass. Therefore, Encompass no longer

has any duty to provide coverage based on Dianna Robnett's breach of the cooperation clause of the Policy.

*Failing to Put on a Defense and Assuming Liability at Trial*

59. Moreover, by failing to put on a meaningful defense at the October 24 bench trial and purportedly assuming all liability, including liability for her brothers' actions, Defendant Dianna Robnett has failed to comply with the above duties under the Policy and has breached the cooperation clause in at least the following respects:

    d. failing to assist Encompass in "[c]onducting suits and attending hearings or trials";

    e. failing to assist Encompass in "[s]ecuring or giving evidence";

    f. failing to assist Encompass in "[e]nforcing any right of contribution or indemnity against any person or organization who may be liable to a *covered person*";

    g. Failing to abide by the Policy's requirement not to "assume any obligation" except at the named insured's own cost.

60. Moreover, Defendant Dianna Robnett's breach of the cooperation clause by failing to put on a meaningful defense at the October 24 bench trial and purportedly assuming all liability has caused actual and substantial prejudice to Encompass, as Mrs. Robnett has done so in order to then pursue a bad faith claim against Encompass, as confirmed by her counsel's statement in subsequent filings in the Underlying Action indicating that Mrs. Robnett "wants to get this case tried and over so she can move forward with a bad faith claim against her insurer."

61. Furthermore, Mrs. Robnett's failure to put on a meaningful defense and her purported assumption of liability has caused actual and substantial prejudice to Encompass, because judgment against Mrs. Robnett—which will then be pursued against Encompass—is imminent. The court in the Underlying Action has already concluded the trial and is awaiting a

17

proposed judgment from counsel. Mrs. Robnett's counsel Mr. Markus has expressed to the court in the Underlying Action that judgment "should be entered" against Mrs. Robnett.

62. Thus, by failing to put on a meaningful defense at the October 24 bench trial and purportedly assuming all liability, Defendant Dianna Robnett has violated Encompass's right to control the defense, thereby causing substantial and actual prejudice to Encompass. Therefore, Encompass no longer has any duty to provide coverage based on Dianna Robnett's breach of the cooperation clause of the Policy.

63. Accordingly, because Defendant Dianna Robnett has breached the cooperation clause of the Policy by failing to fully comply with her duties as set forth in the Policy, and because this breach has caused actual and substantial prejudice to Encompass, Encompass no longer has any duty to provide coverage under the Policy.

WHEREFORE, Plaintiff Encompass Indemnity Company prays that this Court declare the rights of the parties under the aforementioned Policy of insurance and enter judgment finding and declaring:

 a. That Encompass has no duty to provide coverage under the Policy for any of the allegations in the Underlying Petition;

 b. That Encompass has no duty to defend Defendant Dianna Robnett in any legal proceedings related to the Underlying Claims;

 c. That Encompass has no duty to indemnify Defendant Dianna Robnett for any portion of any expense or liability that she has incurred or may incur in any legal proceeding related to the Underlying Claims or any future settlement, judgment, or civil penalties that may be entered against Defendant Dianna Robnett in any other action arising out of the conduct described in the Underlying Claims;

18

d.  That Encompass has no duty to satisfy any judgment that may be entered in favor of Defendant Jeffrey Robnett in the Underlying Action or arising out of the events and conduct described in the Underlying Petition;

e.  That Encompass is entitled to its costs, including attorney fees; and

f.  That Encompass is entitled to any such further relief this Court deems just and proper under the circumstances.

Respectfully submitted,

HEPLERBROOM LLC

By: */s/ Patrick A. Bousquet*
    Patrick A. Bousquet     #57729MO
      email: patrick.bousquet@heplerbroom.com
    Peter Houser     #71278MO
      email: peter.houser@heplerbroom.com
    701 Market Street, Suite 1400
    St. Louis, Missouri 63101
    314-241-6160 phone
    314-241-6116 fax
ATTORNEYS FOR PLAINTIFF

19

Case 2:24-cv-04046-BCW   Document 25-1   Filed 10/30/24   Page 20 of 20